IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                 *
UNITED STATES OF AMERICA,
                                 *
     Plaintiff,
                                 *
        v.                                CIVIL NO.: WDQ-08-3374
                                 *
REAL PROPERTY LOCATED AT
908 MONICA CIRCLE, KINGSVILLE,
MD, with all buildings,
appurtenances, and               *
improvements thereon,
                                 *
     Defendant.
                                 *


*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

The Government seeks forfeiture of 908 Monica Circle,
Kingsville, MD 21087 ("the Property") as property used or
intended to be used in violation of 18 U.S.C. §§ 2251(a)(sexual
exploitation of children and 2252A (certain activities related to
child pornography).  Thomas A. Coyne II has submitted a claim to
the Property on behalf of a minor child, M. A. C.  Pending is the
Government's motion to strike Coyne's claim.  For the following
reasons, the motion will be granted.

I.   Background

On December 15, 2008, the Government filed a complaint for
forfeiture of the Property under 18 U.S.C. §§ 2254 and
981(a)(1)(C).  Paper No.1.  The owner of the Property, George K.

1

Hayward, was served with the complaint by mail at the Property on January 2, 2009, and at the Harford County Detention Center on May 13, 2009.  Gov.'s Mot. for Default J. at 1-2.  On March 27, 2009, the Government published notice of the pendency of the forfeiture on an official government internet site (forfeiture.gov) in accordance with Rule G(4)(a)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  *Id*. at 2.  As required by Rule G, the notice ran for 30 consecutive days.  *Id*.

On April 27, 2009, Thomas Coyne II filed a timely claim against the Property on behalf of a minor child, M.A.C.  Paper No. 3.  Coyne identified the child as the victim of the offenses underlying the forfeiture action.  Cl. & Answer ¶ 2.  Coyne's claim was the only claim submitted.

On April 30, 2009, the Government moved to strike Coyne's claim for lack of standing.  Paper No. 4.

II.  Analysis

The Government contends that Coyne lacks standing to contest the forfeiture because he has not alleged a sufficient interest in the Property.  Gov.'s Mot. to Strike at 1.  Its motion to strike is under Rule G(8)(c)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and

Rule 12(c) of the Federal Rules of Civil Procedure.[1]

Civil forfeiture claimants have the burden of establishing standing by showing "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." *United States v. 7,000.00 in U.S. Currency*, 583 F. Supp. 2d 725, 729 (M.D.N.C. 2008) (quoting *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987)). The interest asserted must be an ownership or possessory interest. *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 41 (1st Cir. 2003); *United States v. Premises Known as 7725 Unity Ave. N.*, 294 F.3d 954, 956 (8th Cir. 2002); *United States v. One 18th Cent. Colombian Monstrance*, 797 F.2d 1370, 1375 (5th Cir. 1986).

Coyne, on M.A.C.'s behalf, does not allege an ownership or possessory interest in the Property. Rather, Coyne's asserted interest is based on M.A.C.'s status as a victim of crimes that took place on the Property. Resp. to Gov.'s Mot. to Strike at 1. In support of this assertion, Coyne cites regulations governing the remission or mitigation of civil and criminal forfeitures. *See* 28 C.F.R. §§ 9.1 - 9.9 (2009). Although Coyne is correct

---

[1]Under Rule G(8)(c), in a judicial forfeiture action, "the Government may move to strike a claim or answer . . . because a claimant lacks standing." This may be done in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

that victims of offenses underlying forfeitures may file

petitions for remission or mitigation of the property, *see* 28

C.F.R. § 9.8 (2009), these petitions must be filed with the

Department of Justice after judicial forfeiture.   28 C.F.R. § 9.4

(2009).   The regulations do not grant judicial standing to

victims.

    As Coyne has alleged no other basis for his claim, he lacks

standing.

III. Conclusion

    For the reasons discussed above, the Government's motion to

strike will be granted.




September 25, 2009                          /s/
Date                             William D. Quarles, Jr.
                                 United States District Judge


4